IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| UNITED STATES OF AMERICA, | ) |
| :-- | :-- |
| Plaintiff, | ) |
| v. | ) Case No. 1:20-cv-00795-PJK-SCY |
| JAMES M. SIMONES; Individually and as Trustee of the ANCIENT OF DAYS TRUST; JO ANN HARTMAN STOCKTON as Trustee of the ANCIENT OF DAYS TRUST; BROOKY STOCKTON as Trustee of the ANCIENT OF DAYS TRUST; and ADELINA MONNET, | ) |
| Defendants. | ) |

## **ORDER DENYING DEFENDANTS' MOTIONS TO DISMISS**

THIS MATTER comes on for consideration of Defendant's (James M. Simones) Challenge of the Court's Jurisdiction and Challenge of the Accusing Agency's Jurisdiction filed April 26, 2021 (ECF No. 52), and Defendants' (Brooky Stockton and Jo Ann Hartman Stockton) Notice, Demand, and Order to Dismiss Respondents from Case No. 1:20-cv-00795-PJK-SCY" and to Remove All Encumbrances Upon ADT for Want of Jurisdiction filed May 19, 2021 (ECF No. 55). Upon consideration thereof, the court construes these pleadings as motions to dismiss for want of jurisdiction and finds that the motions are not well taken and should be denied.

In its amended complaint, the government seeks to (1) reduce to judgment various federal tax liabilities owed by Mr. Simones (individually and as Trustee of the Ancient of Days Trust), (2) obtain a judgment that the Ancient of Days Trust holds title to property as the nominee of Mr. Simones and such properties are subject to federal tax liens, and (3) set aside conveyances of

property from Mr. Simones to Defendants Adelina Monnet and the Ancient of Days Trust, as fraudulent conveyances.  ECF No. 2 at 1.

Both motions essentially argue that this court lacks subject matter jurisdiction over the case and that the government lacks authority to assert its claims against the moving Defendants. However, federal district courts have original jurisdiction over "any civil action arising under any Act of Congress providing for internal revenue," 28 U.S.C. § 1340, as well as "all civil actions, suits or proceedings commenced by the United States," 28 U.S.C. § 1345.  Moreover, this court has jurisdiction to issue orders and render judgments "as may be necessary or appropriate for the enforcement of the internal revenue laws."  26 U.S.C. § 7402(a).

Likewise, the government has authority to bring this suit against Defendants in order to recover the alleged $276,283.56 in unpaid tax liabilities.  When a person is liable to pay a tax and refuses to pay after demand, the government can impose a lien "upon all property and rights to property . . . belonging to such person."  26 U.S.C. § 6321.  Given the allegations of fraudulent conveyances, it is apparent that the court has jurisdiction.

Finally, the court rejects the claims of improper service, noting that Mr. Simones (and Ms. Monnet) were personally served in November and December of 2020, respectively.  ECF Nos. 9, 12.  And Mr. Stockton and Ms. Stockton were served by publication in February 2021. ECF No. 36; see ECF No. 15.  Thus, the Defendants were all served in accordance with Federal Rule of Civil Procedure 4(e).

All of the Defendants' remaining arguments are without merit.

NOW, THEREFORE, IT IS ORDERED that:

(1) Defendant James Simones' Challenge of the Court's Jurisdiction and Challenge of the Accusing Agency's Jurisdiction filed April 26, 2021 (ECF No. 52) is denied.

(2) Defendants' (Jo Ann Hartman Stockton and Brooky Stockton) Notice, Demand, and Order to Dismiss Respondents from Case No. 1:20-cv-00795-PJK-SCY" and to Remove All Encumbrances Upon ADT for Want of Jurisdiction filed May 19, 2021 (ECF No. 55) is denied.

DATED this 15th day of July 2021, at Santa Fe, New Mexico.

Paul Kelly, Jr.
UNITED STATES CIRCUIT JUDGE
Sitting by Designation