IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff/Counter-Defendant, | ) |
| | ) |
| v. | ) |
| | ) Case No. 1:20-cv-00795-PJK-SCY |
| JAMES M. SIMONES; Individually | ) |
| and as Trustee of the ANCIENT OF | ) |
| DAYS TRUST and ADELINA MONNET, | ) |
| | ) |
| Defendants/Counter-Claimants, | ) |
| | ) |
| and JO ANN HARTMAN STOCKTON | ) |
| as Trustee of the ANCIENT OF DAYS | ) |
| TRUST; and BROOKY STOCKTON as | ) |
| Trustee of the ANCIENT OF DAYS TRUST, | ) |
| | ) |
| Defendants. | ) |

**ORDER GRANTING UNITED STATES'
MOTION TO DISMISS COUNTERCLAIM (ECF No. 110)**

THIS MATTER comes on for consideration of the United States' Motion to Dismiss Counterclaim filed September 7, 2021 (ECF No. 110). The government seeks to dismiss the counterclaims for lack of subject matter jurisdiction, Fed. R. Civ. P. 12(b)(1) and/or failure to state a claim under Fed. R. Civ. P. 12(b)(6). The court, being fully advised in the premises[1], finds that the motion is well taken and should be granted.

---

[1] Mr. Simones filed a motion to dismiss the government's motion and to sustain his counterclaims. ECF No. 114. Those motions are denied and his pleading will be construed as a response to United States' Motion to Dismiss. Ms. Monnet did not file a response to the government's motion and therefore has consented to it. D.N.M.LR-Civ. 7.1(b), 7.4(a).

## Background

The court has previously recounted the facts in the case in granting summary judgment to the government so it is unnecessary to repeat them here.  ECF No. 108.  Suffice it to say that, Defendant James M. Simones has counterclaimed for money damages for all amounts he has paid as income tax on the theory that his compensation was not income because he received Federal Reserve Notes.  Countercl. at 15, ECF No. 10 at 14.  He also seeks money damages against the Internal Revenue Service and the Social Security Administration for all funds deducted since 2015 from his monthly social security on the theory that such amounts are protected under 42 U.S.C. § 407(a).  Id. at 16–17, ECF No. 10 at 15–16.

## Discussion

Where, as here, the government presents a facial attack on subject matter jurisdiction based upon sovereign immunity, a court must accept all well-pleaded factual allegations contained in the counterclaim as true.  Baker v. USD 229 Blue Valley, 979 F.3d 866, 872 (10th Cir. 2020).  Insofar as a motion to dismiss for failure to state a claim, the claim being evaluated must allege facts that, if accepted as true, "state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  The factual allegations must reasonably suggest liability.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Where the jurisdictional and pleading inquiries "entirely overlap, a ruling that the court lacks subject-matter jurisdiction may simultaneously be a judgment on the merits."  Brownback v. King, 141 S. Ct. 740, 749 (2021) (footnote omitted).

Mr. Simones has the burden to plausibly allege the jurisdictional elements of his tax refund counterclaim under 28 U.S.C. § 1346(a)(1).  See id.  This includes administratively filing a claim for refund, filing suit within two years of disallowance of the claim, and the full payment of any assessment prior to filing suit.  26 U.S.C. §§ 6532(a)(1), 7422(a); United States v. Clintwood Elkhorn Mining Co., 553 U.S. 1, 4 (2008).  Under both Sections 1346(a)(1) and 7422(a), there is a limited waiver of sovereign immunity where the claimant complies with the statutory requirements.  See Flora v. United States, 362 U.S. 145, 177 (1960).  No such allegations appear in the counterclaim.

Mr. Simones's claim against the government for withholding part of his social security payments fares no better.  Although 26 U.S.C. § 7433(a) provides for an action to collect damages from the government for certain unauthorized collection efforts, it contains an administrative exhaustion requirement, 26 U.S.C. § 7433(d)(1); Treas. Reg. § 301.7433-1(d), and must be brought within two years from when the claim accrues, 26 U.S.C. § 7433(d)(3).  Again, there is a limited waiver of sovereign immunity where the claimant meets the statutory requirements.  28 U.S.C. § 7433(a); see Cromar v. United States, 816 F. App'x 235, 240 (10th Cir. 2020); Bowers v. J & M Disc. Towing, LLC., 472 F. Supp. 2d 1248, 1271 (D.N.M. 2006).  As noted, Mr. Simones indicates that withholding from his social security began in 2015.

NOW, THEREFORE, IT IS ORDERED that United States Motion to Dismiss Counterclaim filed September 7, 2021 (ECF No. 110) is granted and the counterclaims are dismissed for lack of subject matter jurisdiction.

DATED this 23rd day of September 2021, at Santa Fe, New Mexico.

/s/ Paul Kelly, Jr.
United States Circuit Judge
Sitting by Designation

4