IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff/Counter-Defendant, | ) |
| | ) |
| v. | ) |
| | ) Case No. 1:20-cv-00795-PJK-SCY |
| JAMES M. SIMONES; Individually | ) |
| and as Trustee of the ANCIENT OF | ) |
| DAYS TRUST and ADELINA MONNET, | ) |
| | ) |
| Defendants/Counter-Claimants, | ) |
| | ) |
| and JO ANN HARTMAN STOCKTON | ) |
| as Trustee of the ANCIENT OF DAYS | ) |
| TRUST; and BROOKY STOCKTON as | ) |
| Trustee of the ANCIENT OF DAYS TRUST, | ) |
| | ) |
| Defendants. | ) |

## ORDER STRIKING EXTRANEOUS PLEADINGS
## AND PROPOSING FILING RESTRICTIONS

THIS MATTER comes on for consideration of Defendant James Simones's "Reply in Support of Simone[s]'s Declaration of Requisites for Peaceful Acceptance and Notice of Nullity Judgment(s) and Orders of Post Judgment Claim of United States District Court Office of Clerk in Appellate Case 21-2110 dated July 21, 2022 and Case No. 1:20-cv-00795-PJK-SCY, and Demand to Strike Void Order Striking Extraneous Pleadings, and Notice of Elder Abuse" filed August 10, 2022, ECF No. 145, and Defendant Brooky Stockton's "Notice of Void Order and Demand to Dismiss For Want of a Trial by Jury" filed August 11, 2022, ECF No. 146.

This court previously struck the non-appealing Defendants' pleadings as non-germane given that the Tenth Circuit affirmed this court's judgment. ECF No. 141, at 1 (citing United States v. Simones, No. 21-2110, 2022 WL 1714885 (10th Cir. May 27, 2022)). This court also ordered the Clerk not to accept pleadings in this case from certain non-parties. ECF No. 141, at 2. Additionally, the court struck Defendants' (James Simones, Brooky Stockton, Adelina Monnet, and Jo Ann Hartman Stockton) extraneous pleadings filed July 28, 2022, after observing that they contained various IRS forms purporting to name others as fiduciaries for Mr. Simones. ECF No. 144. Mr. Simones's current pleading (ECF No. 145) purports to reply in support of the struck pleadings. Mr. Simones also demands that the court strike its prior order striking pleadings. Mr. Stockton demands this case be dismissed for want of a trial by jury and that the property rights of the Ancient of Days Trust be restored. ECF No. 146.

Throughout this litigation, Mr. Simones and his codefendants have attempted to revive claims and defenses that were rejected on their merits or are frivolous. The Tenth Circuit has resolved Mr. Simones's contentions and affirmed this court's final judgment. "The right of access to the courts is neither absolute nor unconditional, and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." In re Winslow, 17 F.3d 314, 315 (10th Cir. 1994) (alteration omitted). Repetitious or frivolous claims or defenses consume the court's (and opposing counsel's) time that is better spent in the pursuit of justice within the confines of the law. Id.

"Federal courts have the inherent power to regulate the activities of abusive litigants by imposing carefully tailored restrictions in appropriate circumstances."

Andrews v. Heaton, 483 F.3d 1070, 1077 (10th Cir. 2007).  Pro se, non-attorney litigants may lack the regulatory incentive (bar membership) and the financial incentive to avoid frivolous filings.  See In re Sindram, 498 U.S. 177, 179–80 (1991).  Filing restrictions are appropriate where: the court describes the litigant's abusive filing history; the court provides guidance as to how the litigant may seek permission to file an action in the future; and the litigant is afforded notice and opportunity to oppose the court's order before it is entered.  See Andrews, 483 F.3d at 1077.

> Defendants' filing history is catalogued above.  Defendants continue to raise similar claims and arguments without regard to the court's repeated explanations and orders of dismissal, let alone the disposition of the Tenth Circuit.  Defendants have also enlisted non-parties to file extraneous pleadings on their behalf.  See ECF No. 141.  Accordingly, all Defendants (James Simones, Brooky Stockton, Adelina Monnet, and Jo Ann Hartman Stockton) will be restricted from filing any further pro se filings with this court raising claims concerning the subject matter of this action (tax collection) that have already been decided.  This proposed filing restriction pertains to this case only.  The clerk will be directed to return such successive pleadings filed by any Defendant or Defendants after the presiding judge reviews the pleadings and concludes they are successive and/or frivolous.

> Defendants will have 15 days from the date of this order to file written objections to this court's proposed filing restrictions.  Any response shall be limited to 10 pages.  If no objections are filed, the proposed restrictions will take effect 20 days from the date of

this order.  If Defendants timely file written objections, the proposed filing restrictions will only take effect if the court rules against Defendants' objections.

    NOW, THEREFORE, IT IS ORDERED that:

(1) the Clerk shall strike Defendant James Simones's "Reply in Support of Simone[s]'s Declaration of Requisites for Peaceful Acceptance and Notice of Nullity Judgment(s) and Orders of Post Judgment Claim of United States District Court Office of Clerk in Appellate Case 21-2110 dated July 21, 2022 and Case No. 1:20-cv-00795-PJK-SCY, and Demand to Strike Void Order Striking Extraneous Pleadings, and Notice of Elder Abuse" filed August 10, 2022 (ECF No. 145) from the docket,

(2) the Clerk shall strike Defendant Brooky Stockton's "Notice of Void Order and Demand to Dismiss For Want of a Trial by Jury" filed August 11, 2022 (ECF No. 146) from the docket, and

(3) Objections, if any, by any Defendant or Defendants to the proposed filing restrictions described above must be filed within 15 days of this order.

    DATED this <u>12th</u> day of August 2022, at Santa Fe, New Mexico.

<u>Paul Kelly, Jr.</u>
UNITED STATES CIRCUIT JUDGE
Sitting by Designation